## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL PRODUCE TRADING COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HENDERSON FOODS, INC. T/A TIERRA PRODUCE, GILBERTO BLANCO, SALVADOR CASTRO, MARIA CASTRO, and JESUS MENDEZ,<br><br>    Defendants. | CASE NO.: 2:21-cv-02035-APG-BNW<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>[ECF No. 2] |

Plaintiff National Produce Trading Company, LLC filed an emergency, ex parte motion for a temporary restraining order. ECF No. 2.  Based on the motion and supporting papers, I find and conclude as follows:

National Produce buys and sells wholesale quantities of perishable agricultural commodities in interstate commerce and is licensed under and subject to the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a.  Defendant Henderson Foods, Inc., trading as Tierra Foods (Tierra), also buys and sells wholesale quantities of produce and is licensed as a dealer under the PACA.  Defendants Gilberto Blanco, Salvador Castro, Maria Castro, and Jesus Mendez are and were the principals of Tierra who directed the day-to-day operations of Tierra during the period in question and were in positions of control over the funds that are the subject of this lawsuit.

Between September 17 – 25, 2021, National Produce sold and delivered to Tierra produce worth $165,240.00 that had been shipped in interstate commerce.  Tierra accepted the produce without protest.  National Produce has demanded payment from Tierra, but Mendez told National Produce's President that Tierra did not have the funds to pay.  Mendez gave National

1 | Produce post-dated checks and stated Tierra lacked sufficient funds to cover the checks at the

2 | time they were issued.

3 |      The PACA makes it unlawful for a dealer like Tierra "to fail or refuse . . . to account and

4 | make full payment promptly" for any transaction involving perishable agricultural commodities.

5 | 7 U.S.C. § 499b(4).  To protect sellers of such produce, the PACA requires the purchaser to hold

6 | the produce and its receivables and proceeds in trust for the seller. 7 U.S.C. § 499e(c)(2). *See*

7 | *also, In re Kornblum & Co., Inc.*, 81 F.3d 280, 284 (2d Cir. 1996) (explaining the PACA creates

8 | such trusts).  National Produce satisfied the statutory prerequisites to create the trust by including

9 | the necessary language in its invoices. *See* 7 U.S.C. § 499e(c)(4).

10 |      By not paying for the produce as required, Tierra has failed to satisfy its obligations

11 | under the PACA. 7 U.S.C. § 499b(4).  "Any act or omission which is inconsistent with this

12 | responsibility [to make full payment promptly], including dissipation of trust assets, is unlawful

13 | and in violation of section 2 of [the PACA]." 7 C.F.R. § 46.46(d)(1).  Dissipation of trust assets

14 | is defined as "any act or failure to act which could result in the diversion of trust assets or which

15 | could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money

16 | owed in connection with produce transactions." 7 CFR § 46.46(a)(2).  Thus, produce dealers "are

17 | required to maintain trust assets in a manner so that the trust assets are freely available to satisfy

18 | outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R.

19 | § 46.46(d)(1).

20 |      Based on the seeming precariousness of Tierra's finances, there is a significant threat

21 | that Tierra has or soon will dissipate the PACA trust assets.

22 |      Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify
23 |      its receivables, and inventory its assets.  It should then require the PACA debtor to

1   separate and maintain these produce-related assets as the PACA trust for the benefit of all
    unpaid sellers having a bona fide claim.

2

3   *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990).  Thus, National Produce seeks

4   an order temporarily restraining Tierra from dissipating all assets covered by the PACA trust.

5           To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of

6   success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the

7   plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

8   U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate

9   (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of

10  hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All.*

11  *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

12          National Produce is entitled to a temporary restraining order.  First, if the trust assets are

13  dissipated, it is likely National Produce will never recover the money Tierra owes.  This

14  constitutes irreparable harm. *Salinas Valley Produce, Inc. v. Golden Rule Produce, Inc.*, No. 19-

15  CV-02692-BLF, 2019 WL 2548712 at *2 (N.D. Cal. June 20, 2019) (seller "will suffer

16  immediate and irreparable injury due to [buyer's] dissipation of [seller's] beneficial interest in

17  the statutory trust created under PACA").  Second, National Produce is likely to succeed on the

18  merits of this case.  National Produce has provided invoices and affidavit testimony indicating it

19  delivered the produce to Tierra, but Tierra has not paid for it.  Tierra admits it owes the money

20  but it cannot pay.  Third, the balance of equities tips in favor of National Produce because it

21  stands to lose over $165,000 if the trust assets are not preserved, while the restraining order

22  would not damage Tierra because it is supposed to be holding the funds in trust.  Finally,

23  granting the temporary restraining order is in the public interest.  The  PACA was created to

3

1 | protect produce suppliers and to create a scheme in which produce transactions occur fairly and

2 | efficiently.  Upholding this regulatory scheme benefits consumers who purchase produce at

3 | reasonable prices, because the PACA prevents buyers from harming their suppliers by

4 | improperly withholding payment.  For each of these reasons, National Produce is entitled to a

5 | temporary restraining order preventing the defendants from dissipating the PACA trust funds.

6 |          Finally, I am entering this order without a hearing because there is good cause to believe

7 | that if the defendants had advance notice of this restraint, they may dissipate or otherwise secret

8 | the remaining trust assets, further hindering National Produce's ability to recover what it is

9 | owed.

10 |          I THEREFORE ORDER that National Produce's motion for a temporary restraining order

11 | **(ECF No. 2) is GRANTED IN PART**.  Defendants Henderson Foods, Inc. t/a Tierra Produce,

12 | Gilberto Blanco, Salvador Castro, Maria Castro, and Jesus Mendez (and their agents, officers,

13 | subsidiaries, assigns, financial institutions, and factors) are hereby restrained and enjoined from

14 | alienating, dissipating, paying over, or assigning any assets of Tierra, including its accounts

15 | receivable, and those of its subsidiaries or related companies, except for payment to National

16 | Produce, until further order of this court or until Tierra pays National Produce $165,240.00 by bank

17 | check or wire transfer.

18 |          I FURTHER ORDER that I will conduct a hearing on National Produce's motion for a

19 | preliminary injunction (ECF No. 8) on **Thursday, November 18, 2021, at 3:00 p.m. PST.**  My

20 | courtroom administrator will provide counsel with the link to attend the video conference.

21 | Counsel is instructed not to forward the link to others.  If parties or additional participants need

22 | to appear, counsel is directed to contact my courtroom administrator (Melissa Johansen) at

23 | Melissa_Johansen@nvd.uscourts.gov for permission.  Members of the public seeking to have

1 | access to this hearing must contact my courtroom administrator by email before the day of the

2 | hearing.  **Persons granted remote access to proceedings are reminded of the general**

3 | **prohibition against photographing, recording, and rebroadcasting court proceedings.**

4 | Violation of these prohibitions may result in sanctions, including removal of court-issued media

5 | credentials, restricted entry to future hearings, denial of access to future hearings, or any other

6 | sanctions deemed necessary.  Counsel is reminded that this is a formal court proceeding and

7 | proper courtroom attire is required.

8 |         I FURTHER ORDER that the defendants may file and serve any response to the motion for

9 | preliminary injunction by **Wednesday, November 17, 2021 at 12:00 noon PST**.

10 |        I FURTHER ORDER that the defendants may move to dissolve or modify this order on two

11 | days' advance notice to National Produce and the court. *See* Fed. R. Civ. P. 65(b)(4).

12 |        I FURTHER ORDER that no security or bond shall be required under Rule 65(c) because

13 | Tierra should be holding $165,240.00 in trust, so the defendants should suffer no damages if this

14 | injunction is improper.

15 |        I FURTHER ORDER National Produce to immediately serve a copy of this order and all

16 | papers it has filed in this case (including the Summons and Complaint) upon each defendant by

17 | hand delivery or overnight delivery service, and by email if an email address is known.  National

18 | Produce shall file proof of service by November 16, 2021.

19 |        SIGNED AND ENTERED this 12th day of November, 2021 at 4:14 p.m.

20 |

21 |                                                     Andrew P. Gordon
        |                                                     UNITED STATES DISTRICT JUDGE

22 |

23 |

5