**DICKINSON WRIGHT PLLC**
Cynthia L. Alexander, Esq. (SBN 6718)
3883 Howard Hughes Parkway, Ste. 800
Las Vegas, NV 89169-2210
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: calexander@dickinsonwright.com

Gregory A. Brown, Esq.
New York Bar Number 4366498
McCarron & Diess
576 Broadhollow Road, Suite 105
Melville, NY 11747
Phone: (631) 425-8110
Email: gbrown@mccarronlaw.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff National Produce Trading Company, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL PRODUCE TRADING COMPANY, LLC, | CASE NO.: 2:21-cv-02035-APG-BNW |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER** |
| HENDERSON FOODS, INC. T/A TIERRA PRODUCE, ALKO GREEN FRESH LLC D/B/A TIERRA PRODUCE DEPOT A/T/A TIERRA PRODUCE, LAS VEGAS FOOD DISTRIBUTOR LLC T/A TIERRA PRODUCE, GILBERTO BLANCO, SALVADOR CASTRO, MARIA CASTRO, JESUS MENDEZ, JORGE ALEJANDRO ORTEGA MEDINA and ALICIA ORTEGA MEDINA, | |
| Defendants. | |

Plaintiff National Produce Trading Company, LLC ("National Produce" or "Plaintiff") and

defendants Henderson Foods, Inc. trading as Tierra Produce ("Tierra"), Alko Green Fresh LLC doing

business as Tierra Produce Depot also trading as Tierra Produce ("Alko"), Las Vegas Food Distributor LLC trading as Tierra Produce ("LVFD"), Salvador Castro ("S. Castro") and Jorge Alejandro Ortega Medina ("J. Ortega") (Tierra, Alko, LVFD, S. Castro and A. Ortega are collectively, "Defendants") (Plaintiff and Defendants are collectively, the "Parties"), by and through their undersigned attorneys, agree and stipulate to the following:

1. Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $174,120.00, plus accrued interest at the rate of 18% *per annum* through November 24, 2021 in the amount of $3,767.32 and reasonable attorneys' fees and legal expenses incurred by Plaintiff through November 18, 2021 in the amount of $19,066.50 for a total debt under PACA in the amount of $196,953.82 (the "PACA Trust Debt").

2. For full and final satisfaction of Plaintiff' claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of $193,186.50 (the "Settlement Amount") as follows: (a) the sum of $10,000.00 on or before November 24, 2021 (the "Initial Payment"); (b) the sum of $40,000.00 on or before December 3, 2021; and (c) monthly installments of $50,000.00 each commencing on January 3, 2021 and continuing on the 3rd day of each month until the Settlement Amount is paid in full.  All payments to be made under this Stipulation and Order shall be paid so as to be received on or before 3:00 PM Eastern Time on the date due, TIME BEING OF THE ESSENCE.  All payments to be made pursuant to this Stipulation and Order shall be paid by, bank check, wire transfer or ACH according to separately provided wire instructions.

3. On or before 3:00 PM Eastern Time on November 24, 2021, Alko shall cause to be delivered to Plaintiff's attorney the following documents regarding the assets of Alko and those of its subsidiaries and related companies: (a) most recent balance sheets and profit/loss statements; (b)



all accounts receivable records showing all funds collected by or on behalf of Alko in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements; and (c) true and complete copies of bank account statements for all accounts belonging to Alko for the last three months (collectively, the "Financial Records").

4. In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, or if Defendants fail to timely deliver the Financial Records, Defendants shall have the right to cure such default by paying the amount due, or delivering the Financial Records, within three days after notice of such default is sent to Defendants' counsel, Judah Zakalik, via email at jz@pandalawfirm.com. Notwithstanding the foregoing, Defendants' right to cure a default as provided hereinabove shall be limited to one such occurrence, and this provision is of the essence. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5. In the event Defendants default in their payment obligations as set forth in Paragraph 2 above, or if they default in timely delivering the Financial Records, and Defendants either fail to cure such default or are not allowed to cure such default pursuant to Paragraph 4 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Defendants' counsel via email at the addresses set forth in Paragraph 4, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as Exhibit A. The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants, jointly and severally, shall be the amount of the PACA Trust Debt set forth in Paragraph 1 above plus any additional attorneys' fees and costs incurred by



Plaintiff following the date of this Stipulation and Order, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

6.  In the event Defendants pay the Settlement Amount in full as contemplated herein, Plaintiff shall cause to be filed with the Court a stipulation and notice of dismissal with prejudice in a form substantially similar to the version annexed hereto as Exhibit B within three business days of the receipt and clearing of the final payment. In the event Defendants default in their payment obligations, Exhibit B shall be deemed *void ab initio* and of no force or effect.

7.  The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. § 46.46(c)(2) and 7 C.F.R. § 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to their rights under the trust.

8.  Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and their counsel) and Defendants (and their counsel) shall each: (a) cooperate with the other in good faith; and (b) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.

9.  No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.



10. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

11. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys and having availed themselves of that opportunity to the extent they desired to do so.

12. Plaintiff's counsel shall file a notice advising the Court of the receipt and clearing of the Initial Payment, at which time the TRO shall be deemed dissolved without further order of the Court.

13. This action shall be stayed, and the Court shall retain jurisdiction over this action and the Parties, during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof. All dates and deadlines imposed by operation of the Federal Rules of Civil Procedure or prior orders of this Court are adjourned *sine die*.

14. The hearing scheduled for November 24, 2021 at 9:00 AM is hereby cancelled.

//
//
//
//
//
//
//
//
//



15. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

<u>IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT</u>:

Dated this 23rd day of November, 2021.

McCarron & Diess
Attorneys for Plaintiff

Peters and Associates, LLP
Attorneys for Defendants
Alko Green Fresh LLC, Las Vegas Food Distributor LLC, Salvador Castro and Jorge Alejandro Ortega Medina

By: _____
Gregory Brown
576 Broadhollow Road, Suite 105
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

By: _____
Judah Zaklik
6173 S Rainbow Boulevard
Las Vegas, Nevada 89118
(702) 507-6990
jz@pandalawfirm.com

**SO ORDERED:**
SIGNED AND ENTERED this 23rd day of November, 2021.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| | |
|---|---|
| NATIONAL PRODUCE TRADING COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HENDERSON FOODS, INC. T/A TIERRA PRODUCE, ALKO GREEN FRESH LLC D/B/A TIERRA PRODUCE DEPOT A/T/A TIERRA PRODUCE, LAS VEGAS FOOD DISTRIBUTOR LLC T/A TIERRA PRODUCE, GILBERTO BLANCO, SALVADOR CASTRO, MARIA CASTRO, JESUS MENDEZ, JORGE ALEJANDRO ORTEGA MEDINA and ALICIA ORTEGA MEDINA, <br><br> Defendants. | CASE NO.: 2:21-cv-02035-APG-BNW <br><br> **FINAL ORDER AND JUDGMENT** |

**THIS MATTER** having come before the Court on Plaintiff's application for a Final Order and Judgment; and it appearing that pursuant to the terms of the Stipulation and Order previously filed in this action, this Court is to enter this Final Order and Judgment immediately upon the filing of a declaration by Plaintiff's attorney which states that payment has not been made by Defendants as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing that Plaintiff's attorney has filed such a declaration and that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

IT IS on this _____ day of _____, 202___,

**ORDERED, ADJUDGED, AND DECREED** that plaintiff National Produce Trading Company, LLC is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"), of defendants Henderson Foods, Inc. trading as Tierra Produce ("Tierra"), Alko Green Fresh LLC doing business as Tierra Produce Depot also trading as Tierra Produce ("Alko"), Las Vegas Food Distributor LLC trading as

Tierra Produce ("LVFD"), Gilberto Blanco ("Blanco"), Salvador Castro ("S. Castro"), Maria Castro ("M. Castro"), Jesus Mendez ("Mendez"), Jorge Alejandro Ortega Medina ("J. Ortega") and Alicia Ortega Medina ("A. Ortega") (Tierra, Alko, LVFD, Blanco, S. Castro, M. Castro, Mendez, J. Ortega and A. Ortega are collectively, "Defendants"), jointly and severally, for a debt in the amount of $_____, plus interest at the rate of 18% *per annum* in the amount of $_____ and reasonable attorneys' fees, for a total judgment amount of $_____ under the trust provisions of the PACA, 7 U.S.C. § 499e(c); and it is further

**ORDERED** that Defendants shall, within five business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for Plaintiff, located at 576 Broadhollow Road, Suite 105, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Defendants, in the possession of third parties, shall be immediately turned over to McCarron & Diess, attorneys for Plaintiff, located at 576 Broadhollow Road, Suite 105, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Defendants shall be paid directly to McCarron & Diess, attorneys for Plaintiff, located at 576 Broadhollow Road, Suite 105, Melville, New York, 11747, when due for distribution to Plaintiff; and it is further

**ORDERED** that Defendants shall supply to Plaintiff's attorney, within five days of the date of this Order, any and all documents in their possession, custody or control which reflect or relate to the assets and liabilities of Defendants and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, bank account statements and

income tax returns.

SIGNED AND ENTERED this _____ day of _____, 20___.

                                                                                                                          _____
                                                                                                                          Andrew P. Gordon
                                                                                                                          UNITED STATES DISTRICT JUDGE

**EXHIBIT B**

|   |   |
|---|---|
| NATIONAL PRODUCE TRADING COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HENDERSON FOODS, INC. T/A TIERRA PRODUCE, ALKO GREEN FRESH LLC D/B/A TIERRA PRODUCE DEPOT A/T/A TIERRA PRODUCE, LAS VEGAS FOOD DISTRIBUTOR LLC T/A TIERRA PRODUCE, GILBERTO BLANCO, SALVADOR CASTRO, MARIA CASTRO, JESUS MENDEZ, JORGE ALEJANDRO ORTEGA MEDINA and ALICIA ORTEGA MEDINA,<br><br>Defendants. | CASE NO.: 2:21-cv-02035-APG-BNW<br><br>**STIPULATION AND NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE AND WITHOUT COSTS <u>AS TO ALL DEFENDANTS</u>** |

**IT IS HEREBY STIPULATED AND AGREED**, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), between plaintiff National Produce Trading Company, LLC ("National Produce" or "Plaintiff") and defendants Henderson Foods, Inc. trading as Tierra Produce ("Tierra"), Alko Green Fresh LLC doing business as Tierra Produce Depot also trading as Tierra Produce ("Alko"), Las Vegas Food Distributor LLC trading as Tierra Produce ("LVFD"), Salvador Castro ("S. Castro") and Jorge Alejandro Ortega Medina ("J. Ortega") (Tierra, Alko, LVFD, S. Castro and A. Ortega are collectively, the "Settlement Defendants"), by and through undersigned counsel, that Plaintiff's claims against the Settlement Defendants are hereby dismissed in their entirety with prejudice and without costs to either side.

**PLEASE TAKE NOTICE**, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), that Plaintiff, by and through undersigned counsel, hereby voluntarily dismisses its claims against defendants Gilberto Blanco ("Blanco"), Maria Castro ("M. Castro"), Jesus Mendez ("Mendez") and Alicia Ortega Medina ("A. Ortega") (Blanco, M. Castro, Mendez and A. Ortega are collectively, the "Non-Settling Defendants"), in their entirety with prejudice and without costs to either side.

- 1 -

Dated this ____ day of _____, 20___.

| | |
|---|---|
| McCarron & Diess<br>Attorneys for Plaintiff | Peters and Associates, LLP<br>Attorneys for Defendants<br>Alko Green Fresh LLC, Las Vegas Food Distributor LLC, Salvador Castro and Jorge Alejandro Ortega Medina |

By: _____          By: _____
Gregory Brown                                                         Judah Zaklik
576 Broadhollow Road, Suite 105                         6173 S Rainbow Boulevard
Melville, New York 11747                                      Las Vegas, Nevada 89118
(631) 425-8110                                                        (702) 507-6990
gbrown@mccarronlaw.com                                 jz@pandalawfirm.com

SIGNED AND ENTERED this _____ day of _____, 20___.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE